IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLASEBIKAN N. AKINMULERO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2553 |
| | § | |
| ERIC HOLDER, *et al.*, | § | |
| | § | |
| Defendants.[1] | § | |

## MEMORANDUM AND ORDER

The plaintiff, Olasebikan N. Akinmulero (A#091-299-075), also known as Nelson Lash Akinmulero, has filed a complaint seeking a writ of mandamus to compel action on a pending application to adjust his immigration status. The defendants have filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and Akinmulero has filed a response. (Docs. # 16, # 20). The Court converted the motion to dismiss into a motion for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. (Doc. # 23). In response, the plaintiff has filed a cross-motion for summary judgment. (Doc. # 24). After reviewing all of the pleadings, and the applicable law, the Court grants the defendants' motion and dismisses this case for reasons set forth below.

---

[1] The lead defendant in this case to date has been Michael Mukasey, in his capacity as United States Attorney General. Eric Holder has replaced Mukasey in that official capacity. Thus, under Rule 25(d) of the Federal Rules of Civil Procedure, the Court automatically substitutes Holder as the lead defendant in this action.

## I.     BACKGROUND

The record reflects that Akinmulero was deported from the United States for undisclosed reasons and that he returned illegally in June of 1986.[2] Akinmulero was placed in removal proceedings on March 5, 1998. On July 1, 1999, an immigration judge found that Akinmulero was subject to removal and denied his application for relief in the form of cancellation of deportation on the grounds that his removal would constitute an exceptional and extremely unusual hardship for his family. Rather than enter an order of removal, however, the immigration judge granted Akinmulero the option to depart voluntarily from the United States within sixty days.

Akinmulero did not depart within the time allowed. More than a year later, on January 24, 2001, he filed an appeal from the immigration judge's decision that he was not entitled to relief from removal. The Board of Immigration Appeals ("BIA") dismissed his appeal on April 17, 2002. In that order, the BIA granted Akinmulero a thirty-day extension of time to voluntarily depart from the United States. The BIA also warned Akinmulero that his failure to depart within the time allowed would result in civil penalties and ineligibility for relief under the immigration statutes, including relief under Section 245 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1255, which governs adjustments of status to that of a person admitted for permanent residence.

---

[2]     The parties do not provide any information about Akinmulero's citizenship or nationality, but it is undisputed that he is not a citizen or lawful permanent resident of the United States.

Akinmulero did not depart voluntarily with the extended time period granted by the BIA. Instead, he requested a stay of deportation and he filed a petition for discretionary review to challenge the BIA's decision. The United Sates Court of Appeals for the Tenth Circuit dismissed the petition on May 17, 2002. *See Akinmulero v. INS*, 35 F. App'x 779, 2002 WL 1005102 (10th Cir.). Subsequently, immigration officials authorized a stay of removal to determine whether Akinmulero was entitled to relief pursuant to a judgment entered in a class action lawsuit. *See Proyecto San Pablo v. INS*, Civil No. 89-456 (D. Ariz.).[3]

On October 30, 2005, Akinmulero filed an application with the United States Citizenship and Immigration Service ("USCIS") to adjust his immigration status to that of a lawful permanent resident alien (a "Form I-485, Application to Register Permanent Residence or Adjust Status" or "I-485 Application") pursuant to 8 U.S.C. § 1255. This application was processed on April 17, 2007, and dismissed for lack of jurisdiction.

---

[3]   Proyecto San Pablo is an organization that encourages aliens to participate in legalization programs and assists them with their applications to adjust status. *See Proyecto San Pablo v. INS*, 2001 WL 36167472 (D. Ariz. Feb. 1, 2001). The organization and fourteen individuals filed a class action lawsuit, arguing that the former Immigration and Naturalization Service ("INS") had wrongly interpreted regulations governing legalization pursuant to the Immigration Reform and Control Act ("IRCA"), codified at 8 U.S.C. § 1255(a), and refused to accept requests to have their ineligibility waived. *See id*. According to a court order in the *Proyecto San Pablo* litigation, a limited class of aliens who applied for a change of status or legalization in the Northern and Western regions of the INS between May 5, 1987 and May 4, 1988, are entitled to obtain a new legalization adjudication by filing a timely motion to reopen. Akinmulero has filed a motion to reopen, asserting that he is entitled to relief as a class member. To date, Akinmulero's motion to reopen remains pending. It appears from the record, however, that Akinmulero's claim for temporary residence status pursuant to the *Proytecto San Pablo* judgment was rejected on November 3, 2006. (Doc. # 16, Exhibit 1, Notice of Action Letter from Sharon A. Hudson).

In the pending complaint, Akinmulero alleges that USCIS has failed to properly adjudicate his I-485 Application in a timely or appropriate manner. Akinmulero seeks a writ of mandamus under 28 U.S.C. § 1361 to compel the defendants to adjust his status and he also seeks other relief, such as an award of credit for lawful residence of the sort that is required for citizenship through naturalization. Alternatively, Akinmulero invokes the Administrative Procedure Act, 5 U.S.C. § 701, and the Declaratory Judgment Act, 28 U.S.C. § 2201, as alternative grounds for injunctive relief.

The defendants have filed a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. # 16). The motion includes evidence that calls into question the merits of Akinmulero's complaint. Accordingly, the Court converted the motion into one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure and gave both parties an opportunity to supplement the record. (Doc. # 23). The plaintiff has filed a cross-motion for summary judgment, arguing that he is entitled to relief. (Doc. # 24). The parties' contentions are addressed below under the applicable standard of review.

## II.    STANDARD OF REVIEW

The Court has construed the defendants' motion to dismiss as a motion for summary judgment, which is governed by Rule 56 of the Federal Rules of Civil Procedure. (Doc. # 23). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, a reviewing court must determine whether the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *See Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). The non-movant must do more than simply show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co*., 478 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co*., 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, a reviewing court will not assume "that the non-moving party could or would prove the necessary facts,' and will grant summary judgment 'in *any* case where critical

evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075) (emphasis in original).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id*. (internal citations and quotations omitted). The Court acknowledges that the plaintiff proceeds *pro se* in this instance. However, it is well established that "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

### III. DISCUSSION

In this case, Akinmulero argues that he is entitled to an adjustment of status under 8 U.S.C. § 1255(a) and he demands relief in the form of a court order directing USCIS to adjudicate his I-485 Application in his favor. The defendants argue that the complaint must be dismissed as moot because Akinmulero's application has been adjudicated. Citing the discretionary nature of adjustments of status, the defendants argue further that the Court lacks subject matter jurisdiction to consider the plaintiff's complaint or to grant relief. Alternatively, the defendants maintain that the complaint must be dismissed because the

7

plaintiff is not eligible for the relief that he seeks. The Court pauses briefly to consider whether an actionable controversy exists or whether an exercise of subject matter jurisdiction is otherwise appropriate before addressing the merits of Akinmulero's complaint.

### A.     The "Case-or-Controversy" Requirement

The defendants argue that the complaint must be dismissed as moot because Akinmulero's I-485 Application has been decided. The defendants contend, therefore, that the plaintiff lacks standing to sue because his complaint no longer satisfies the "case-or-controversy" requirement found in Article III of the United States Constitution.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those matters specifically designated by the United States Constitution or Congress. *See Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006) (citations omitted). In order to pursue a claim in federal court, a plaintiff must establish standing as part of the "case-or-controversy requirement" found in Article III of the United States Constitution, which restricts federal court jurisdiction. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (emphasizing the critical role of standing, which is a "core component" of the "case-or-controversy requirement" found in Article III) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

The United States Supreme Court has explained that a case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit.'" *Id.* (quoting *Lewis*

*v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Lewis*, 494 U.S. at 477).

The defendants present evidence showing that Akinmulero's application was processed and that it was "administratively closed" on April 17, 2007, after USCIS determined that it was "without jurisdiction" to consider his request. (Doc. # 16, Affidavit of Alice L. Wiechert, ¶ 7, and Exhibit 1, Notice of Action Letter from District Director Sharon Hudson). In particular, USCIS explained that Akinmulero had been found deportable by an immigration judge during removal proceedings, that he had failed to voluntarily depart from the United States within the time allowed, and that his latest request for an extension of the voluntary departure period was denied.[4] (*See id.*).

Because USCIS has adjudicated his application and effectively denied relief, Akinmulero fails to show that there is anything to compel and his complaint is therefore moot. The defendants' motion for summary judgment on this issue is granted.

### B.     Subject Matter Jurisdiction

Assuming that the complaint is not moot, and that Akinmulero challenges the decision by USCIS to dismiss his application or to deny relief, the defendants maintain that the REAL

---

[4]     Notably, aliens who do not depart voluntarily within the time allowed are barred from adjusting their status. *See* 8 U.S.C. § 1229c(d)(1) (providing that an alien permitted to depart voluntarily who fails to depart as directed shall be subject to a civil monetary penalty and shall be ineligible, for a period of ten years, to adjust status under 8 U.S.C. § 1255, among other things).

ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231 (May 11, 2005), precludes this Court's review of any decision regarding applications for adjustments of status. The REAL ID Act has amended the immigration statutes governing judicial review, codified at 8 U.S.C. § 1252(a), by adding the following jurisdictional restriction on judicial review of denials of discretionary relief or any other discretionary decision by immigration officials acting under the Attorney General's authority:

> (2) Matters not subject to judicial review.
>
>   (B) Denials of discretionary relief
>
>   Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, **no court shall have jurisdiction to review** —
>
>   (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or **1255** of this title, or
>
>   (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief [in asylum cases] under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added). The adjustment of status of the type sought by the plaintiff in his I-485 Application is governed by 8 U.S.C. § 1255. Under this statute, the status of an alien "may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe[.]" 8 U.S.C. § 1255(a) (emphasis added). Thus, the statute

plainly provides that adjustments of status under § 1255 are discretionary.

Discretionary denials of applications for adjustment of status under 8 U.S.C. § 1255 are expressly included within the jurisdiction-stripping provision found in § 1252(a)(2)(B)(i). *See Ayanbadejo v. Chertoff*, 517 F.3d 273, 276-77 (5th Cir. 2008); *Zhao v. Gonzales*, 404 F.3d 295 (5th Cir. 2005). Because decisions about adjustments of status are discretionary, it follows that the plaintiff cannot invoke judicial proceedings to compel a favorable result. *See Hadwani v. Gonzales*, 445 F.3d 798, 800 (5th Cir. 2006) (citing *Zheng Zheng v. Gonzales*, 422 F.3d 98, 111 (3d Cir. 2005) ("[Section 1252(a)(2)(B)(i)] plainly forecloses review of the Attorney General's exercise of discretion in granting adjustment of status in individual cases") (citations omitted)). To the extent that the plaintiff asks this Court to review a decision made by the defendants in connection with his I-485 Application, this Court lacks subject matter jurisdiction to do so. *See Hadwani*, 445 F.3d at 800.

### C.     Akinmulero is Not Otherwise Entitled to Relief

Alternatively, the complaint must be dismissed for other reasons. Akinmulero seeks relief in the form of a writ of mandamus to compel a favorable adjudication of his I-485 Application to adjust status. The federal mandamus statute provides that district courts shall have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Historically, as well as under the present codification found in § 1361, the writ of mandamus has been considered a "'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. United States Dist. Ct. for Dist. of Columbia*, 542

U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259-60 (1947)); *Carter v. Seamans*, 411 F.2d 767, 773 (5th Cir. 1969) ("It is hornbook law that mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases.").

To obtain a writ of mandamus, a plaintiff must establish "(1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *Davis v. Fechtel*, 150 F.3d 486, 487 (5th Cir. 1998) (citing *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)). The defendants argue that Akinmulero is not entitled to a writ of mandamus, or any other form of relief in this instance, because he cannot show that he has a clear right to relief under 8 U.S.C. § 1255, which governs requests for adjustments of immigration status, or that they have a duty to adjudicate his application.

As referenced above, 8 U.S.C. § 1255 vests the United States Attorney General with discretion to adjust the status of aliens who have been admitted into the United States under another classification to that of a lawful permanent resident:

> The status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time of his application.

8 U.S.C. § 1255(a). The authority to adjudicate applications for adjustment of status has been delegated to the Secretary of the United States Department of Homeland Security and, in turn, to the USCIS. *See* 6 U.S.C. §§ 271(b)(5); *Tao Luo v. Keisler*, 521 F. Supp. 2d 72,

12

73 n.2 (D.D.C. 2007).

According to the record, Akinmulero filed an I-485 Application to adjust his status on October 30, 2005. As outlined previously, the defendants present evidence showing that his application was processed and that it was "administratively closed" on April 17, 2007, after USCIS determined that it was "without jurisdiction" to consider his request because he had failed to voluntarily depart from the United States as directed by the immigration judge during removal proceedings. (Doc. # 16, Affidavit of Alice L. Wiechert, ¶ 7, and Exhibit 1, Notice of Letter from District Director Sharon Hudson). Akinmulero does not dispute that he was in removal proceedings or that he failed to comply with the immigration judge's order to voluntarily depart. The defendants correctly note that, once an alien has been placed in removal proceedings, immigration judges have exclusive jurisdiction over applications for adjustment of status. 8 C.F.R. § 1245.2(a)(1)(i). Thus, aliens who have been found removable may only seek an adjustment of status from an immigration judge by filing a motion to reopen his removal proceeding to apply for adjustment of status. *See Wellington v. INS*, 108 F.3d 631, 635 (5th Cir. 1997) ("INS practice requires that aliens who have been found [removable] in [removal] proceedings seek adjustment of status through the mechanism of reopening their [removal] proceedings.") (citing *Yahkpua v. INS*, 770 F.2d 1317, 1318 (5th Cir. 1985)).

Because only an immigration judge can adjudicate an application for adjustment of status from an alien such as Akinmulero, the USCIS has no jurisdiction to adjudicate his I-

485 application and no duty to do so.[5] It follows that Akinmulero has not established a clear right to relief or shown that he is entitled to a writ of mandamus. Akinmulero has failed to raise a genuine issue of material fact on this issue or to demonstrate that relief is otherwise available under any other theory. Accordingly, Akinmulero's claims fail as a matter of law and the defendants are entitled to summary judgment for this additional reason.

IV.     **CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendants' motion to dismiss, which the Court has converted to a motion for summary judgment (Doc. # 16) is **GRANTED**.

2. The plaintiff's motion for summary judgment (Doc. # 24) is **DENIED**.

3. This case is **DISMISSED** with prejudice.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on February 27, 2009.

_____
Nancy F. Atlas
United States District Judge

---

[5] Presumably, any explanation for his failure to depart voluntarily within the extended deadline must be presented to the immigration judge in a motion to reopen and not to USCIS, which has no jurisdiction to consider his application for an adjustment of status. Akinmulero concedes that he has filed a motion to reopen with the immigration judge and that his motion remains pending. Because this remedy remains available to Akinmulero, his request for a writ of mandamus fails for this additional reason. *See Davis*, 150 F.3d at 487.